The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ORBRIDGE LLC, | |
| Plaintiff, | Civil Action No. 3:20-cv-6259-BJR |
| v. | |
| | ORDER DENYING MOTION TO DISMISS |
| SAFARI LEGACY, INC. and PRATIK PATEL | |

## I. INTRODUCTION

Plaintiff Orbridge LLC ("Orbridge") brings this breach of contract action against Defendants Safari Legacy, LLC ("Safari Legacy") and Pratik Patel ("Patel"). Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. Dkt. No. 20. Plaintiff opposes the motion. Dkt. No. 29. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. FACTUAL BACKGROUND

Plaintiff is a tour operator with its principal place of business on Bainbridge Island, Washington. Defendant Safari Legacy is a Delaware corporation with its principal place of

1

business in Alabama.[1] Defendant Patel lives in Africa and owns and operates Safari Legacy.

Plaintiff operates tours throughout the world, including East Africa. Plaintiff engages local handlers in various countries who, among other things, provide or arrange for guide and safari services, transportation, lodging, and other amenities for its tours. Plaintiff alleges that Defendant Safari Legacy has been the ground handler for all of Plaintiff's tours in East Africa since 2012.

According to Plaintiff, Defendants provide their services pursuant to a written Agreement dated August 9, 2012, which contains a cancellation policy that requires Defendants to refund any monies paid by Plaintiff to Defendants in the event that Plaintiff timely cancels a tour due to "a worldwide crisis (similar to the one on 9/11, SARS)". Dkt. No. 1 at ¶ 9. Plaintiff alleges that it timely canceled several tours it had booked with Defendants because of the COVID pandemic. Plaintiff claims it prepaid Defendants $168,000 for the canceled tours and, as such, is entitled to recover that amount per the terms of the Agreement. Plaintiff also seeks another $25,000 it allegedly loaned to Patel in September 2019. According to Plaintiff, it has repeatedly demanded payment of $193,000 from Defendants, but Defendants have ignored all such demands. Thus, Plaintiff instituted this lawsuit to recover the funds.

In addition, Plaintiff charges Defendants with improperly soliciting Plaintiff's clients through the use of confidential client contact information Defendants obtained from Plaintiff. Plaintiff alleges that the Agreement prohibits Defendants from using Plaintiff's client contact information in this way and requests that the Court enjoin Defendants from continuing to "wrongfully utilize" Plaintiff's client contact information. *Id*. at ¶ 23.

---

[1] Plaintiff alleges that Safari Legacy's principal place of business is in Lafayette, California, but the company's articles of incorporation list Helena, Alabama as its principal place of business. Dkt. No. 22, Ex. A.

Defendants move to dismiss the complaint, arguing that this Court does not have personal jurisdiction over them because they are not residents of Washington State and neither has sufficient contact with the State to establish personal jurisdiction in accordance with the State's long-arm statute. Defendants argue in the alternative that the case should be dismissed because venue is not proper with this Court.

### III.   DISCUSSION

#### A.   Standard of Review

The Court must dismiss an action if it determines that it lacks personal jurisdiction over the defendant. Fed.R.Civ.P. 12(b)(2). Jurisdiction is a threshold issue, and courts must address jurisdictional challenges before considering the merits of a case. *Steel co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of the complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger*, 374 F.3d at 800 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Uncontroverted factual allegations must be taken as true and conflicts in affidavits must be resolved in the plaintiff's favor. *Id*.

"Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the 'long-arm' statute of the state in which the court sits." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002)). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Id*. (citing *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wash.App. 462, 465 (1999)). Washington's long-arm jurisdictional statute is coextensive with federal due process requirements; therefore, the jurisdictional analysis under state law and federal due process are the same. *Id*.

Personal jurisdiction over a non-resident defendant exists in two forms: general and specific. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002). Plaintiff does not attempt to establish that Defendants are subject to general jurisdiction in Washington.[2] Thus, the Court's analysis will focus specific jurisdiction.

**B.  Specific Jurisdiction**

Plaintiff concedes that neither Defendant is a resident of Washington State. However, Plaintiff argues that this Court has personal jurisdiction over each Defendant pursuant to the State's long-arm statute in the form of specific jurisdiction. Specific jurisdiction exists where: (1) a defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its law, (2) the plaintiff's claims arise out of the defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial*, 381 F.3d 948, 960–61 (9th Cir. 2004). If the plaintiff is successful at establishing the first two prongs, the burden shifts to the defendant to set

---

[2] Plaintiff fails to attempt to establish that Defendants are subject to general jurisdiction, instead simply stating in a footnote that Plaintiff believes that Defendants are "likely" subject to general jurisdiction. *See* Dkt. No. 29 at 2, fn. 1. This conclusionary statement, without more, does not make a prima facie showing of general jurisdiction.

forth a compelling case that the exercise of jurisdiction would not be reasonable. *Microsoft*, 127 F. Supp. 3d at 1114.

Plaintiff has made a prime facie showing that the first two prongs of the specific jurisdiction test are satisfied as to Patel. Plaintiff alleges, and Patel concedes, that he traveled to Plaintiff's headquarters on Bainbridge Island and requested a "prepayment loan" in the amount of $25,000, which Plaintiff granted. Dkt. No. 1 at ¶ 11. This $25,000 is part of the $193,000 that Plaintiff alleges Defendants owe it pursuant to the parties' Agreement and is part of the damages it seeks through this lawsuit. *Id*. at ¶ 12. Accepting these uncontroverted factual allegations as true as this Court must in resolving the instant motion, Plaintiff has demonstrated that Patel purposefully directed his activities to Washington (when he traveled to the State to request the loan) and those activities gave rise to at least part of the claims at issue in this lawsuit. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (noting that a single contact with a forum can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state). Thus, this Court concludes that Plaintiff has made a prima facie showing that this Court has jurisdiction over Patel.[3]

Likewise, this Court concludes that Plaintiff has made a prima facie showing that the first two prong of the specific jurisdiction test are satisfied as to Safari Legacy. Plaintiff alleges that Safari Legacy began soliciting its services over a decade ago and has maintain continuous contact with Plaintiff in the years since. As a result of these solicitations, Safari Legacy entered into a

---

[3] Under the doctrine of pendent personal jurisdiction, establishing specific jurisdiction as to the prepayment claim is sufficient for this Court to exercise personal jurisdiction over Patel with respect to the remainder of Plaintiff's claims against him. *See Picot* v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) ("If personal jurisdiction exists over one claim … the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists").

contract with Plaintiff—a Washington corporation—and the parties have conducted business pursuant to that Agreement—to the tune of seven million dollars—for the last six years. Plaintiff alleges that it is Safari Legacy's largest customer and the owner of Safari Legacy (Patel) visited Plaintiff's headquarters on Bainbridge Island to solicit funds from Plaintiff pursuant to the parties' Agreement. All of Safari Legacy's relevant contacts with Washington relate to the Agreement between the parties and, Plaintiff's claims, in turn, relate to the Agreement. Therefore, the Court concludes that the foregoing allegations establish a prima facie case for specific jurisdiction.

Having determined that Plaintiff has established a prima facie case for specific jurisdiction over both Defendants, the burden now shifts to Defendants to "present a compelling case" that the exercise of jurisdiction over them would not be reasonable in this case. *Schwarzenegger*, 374 F.3d at 802. The Court considers the following seven factors in determining whether exercising jurisdiction is reasonable in this case:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 745 (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).

The first factor—the extent of Defendants' purposeful interjection into Washington—weighs in favor of exercising jurisdiction. This Court has already determined that Defendants directed their activities to Washington to a degree sufficient to satisfy the purposeful availment prong of the specific jurisdiction test. Plaintiff alleges that Defendants specifically courted Plaintiff in Washington for years, which ultimately lead to the Agreement between the parties. Plaintiff further alleges that Defendants maintained their communication with Plaintiff in

Washington to encourage Plaintiff to continue to do business with them. And, of course, Patel traveled to Plaintiff's principal place of business in Washington to solicit (and receive) the $25,000 prepayment loan. Accordingly, this factor weighs in favor of exercising jurisdiction.

The fact that Patel allegedly lives in Africa and Safari Legacy's principal place of business is in Alabama weighs against this Court exercising jurisdiction over Defendants because it would be expensive and inconvenient for them to defend themselves in Washington, the second factor this Court must consider. However, "this factor is not dispositive", *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002), because "modern advances in communications and transportation have significantly reduce the burden of litigating in another country." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). Indeed, Patel traveled to Washington from Africa for business and at least one of the claims in this lawsuit arises directly from that trip.

The third factor—conflict with the sovereignty of Defendants' state—also weighs in favor of exercising jurisdiction. The only other states that have a claim to jurisdiction over Defendants are Delaware (Safari Legacy's state of incorporation) and Alabama (Safari Legacy's principal place of business).[4] Defendants do not allege that there is a conflict with the sovereignty of either state; thus, this factor weighs in favor of this Court exercising jurisdiction over Defendants.

Washington has a strong interest in this dispute, the fourth factor. Plaintiff is a Washington company with Washington-based employees that has sent significant sums of money to Safari Legacy over the last decade. Further, Plaintiff alleges that Washington residents have partaken in its East African tours in which Defendants' services were used. Lastly, Plaintiff alleges, and Defendants do not dispute, that Washington law will govern this breach of contract

---

[4] Patel is the "CEO/Director" of Safari Legacy, Dkt. No. 22, Ex. A, and Plaintiff alleges that he "controls and directs all major decisions" for the company. As such, any jurisdictional exercise by Delaware or Alabama would likely extend to Patel.

7

action. On the other hand, it does not appear that Defendants have employees in either Delaware or Alabama, that any transactions occurred in those states, or that Delaware or Alabama residents have been affected by the parties' agreement.

The fifth factor—efficient resolution of this case—also weighs in favor of this Court exercising jurisdiction over Defendants. Most of the witnesses in this case are either from Washington or Africa. None is from Delaware or Alabama. Therefore, Washington is the more efficient forum.

If Washington is not the proper forum, then Plaintiff would be required to litigate this lawsuit in either Delaware or Alabama, clearly an inconvenience to Plaintiff—the sixth factor. However, "the plaintiff's convenience is not of paramount importance." *Dole Food*, 303 F.3d at 1116. Thus, this factor weighs against this Court exercising jurisdiction.

The final factor—the existence of an alternate forum—also weighs against this Court exercising jurisdiction because either Delaware or Alabama would be an appropriate forum.

Based on the foregoing, four of the seven factors weigh heavily in favor of this Court exercising personal jurisdiction over Defendants. Therefore, this Court concludes that Defendants have "failed to overcome the strong presumption of reasonableness of the assertion of personal jurisdiction." *Dole Food*, 303 F.3d at 1117 (noting that "our cases emphasize the heavy burden on both domestic and foreign defendants in proving a 'compelling case' of unreasonableness to defeat jurisdiction"). This Court has personal jurisdiction over Defendants.[5]

---

[5] Likewise, venue is proper in this Court pursuant to either 28 U.S.C. § 1391(b)(2) or (3).

## IV. CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Defendants' motion to dismiss (Dkt. No. 20). The Court STRIKES Plaintiff's motion to file a sur-reply to the motion to dismiss (Dkt. No. 36) as MOOT.

Dated this 9th day of June 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge