The Honorable Barbara J. Rothstein

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    ORBRIDGE LLC,

9                    Plaintiff,

10         v.                                    Civil Action No. 3:20-cv-6259-BJR

11                                               ORDER GRANTING MOTION TO DISMISS
                                                 COUNTERCLAIMS
12    SAFARI LEGACY, INC and PRATIK PATEL

13

14

15

16

17                         I.     INTRODUCTION

18         Plaintiff Orbridge LLC ("Orbridge") moves to dismiss Defendants' counterclaims

pursuant to Federal Rule 12(b)(6), arguing that they fail to state a claim on which relief can be

granted. Dkt. No. 48. Defendants Safari Legacy, Inc. ("Safari Legacy") and Pratik Patel ("Patel")

(collectively, "Defendants") oppose the motion. Dkt. No. 49. Having reviewed the motion,

opposition thereto, record of the case, and the relevant legal authorities, the Court will dismiss the

counterclaims. The reasoning for the Court's decision follows.[1]

---

[1] This Court's Standing Order for all Civil Cases ("Standing Order") requires parties to meet and
confer before filing motions to dismiss. Dkt. No. 8 at 3. Orbridge's counsel did not confer with
Defendants' counsel before filing the instant motion. In the future, the Court expects the parties to
comply with the terms of the Standing Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.     BACKGROUND

Orbridge is a tour operator based out of Bainbridge Island, Washington. It arranges tours in destinations throughout the world, including East Africa. As part of its tour operations, Orbridge engages local ground handlers who provide guide and safari services, transportation, lodging, and other amenities associated with the tours. In August 2012, Orbridge and Safari Legacy entered into a written Agreement under which Safari Legacy agreed to provide ground handling services for Orbridge's tours in East Africa. Per the terms of the Agreement, Orbridge prepaid Safari Legacy for its services. Orbridge alleges, and Defendants do not dispute, that under the terms of the Agreement, the prepaid booking fees are fully refundable if Orbridge cancels a tour more than 60 days prior to its scheduled departure date.

The parties operated pursuant to the Agreement uneventfully until 2020 when two things disrupted their relationship. The first was the COVID-19 Pandemic, which required that several tours originally schedule for 2020 be rescheduled to 2021. The second was that Orbridge became concerned that Defendants were trying to solicit Orbridge's clients, something Orbridge alleges is prohibited by the parties' Agreement. Thereafter, on October 21, 2020, Orbridge notified Defendants via email that it was terminating the parties' partnership. Orbridge followed the October 21 email with an email dated November 2, 2020 in which it clarified that it was canceling all outstanding 2021 tours with Safari Legacy (*i.e.*, the tours originally scheduled for 2020 and rescheduled to 2021 and the tours originally scheduled for 2021) and demanded that Defendants refund $193,000 in prepaid fees for those tours pursuant to the cancelation policy in the parties' Agreement.

Defendants failed to return the prepaid booking fees so Orbridge instituted this action for breach of contract, alleging that Defendants had breached the parties' Agreement: (1) by failing to

return the prepaid booking fees, and (2) by attempting to solicit Orbridge's cliental. Thereafter, Orbridge filed a motion for partial summary judgment on the prepaid booking fees claim, which this Court granted. In resolving the motion, this Court concluded that there is no dispute of fact that Orbridge canceled the tours on November 2, 2020, more than 60 days prior to the tours' scheduled departure dates and that the parties' Agreement unambiguously required Safari Legacy to refund all of the prepaid fees. Dkt. No. 47 at 6.

Orbridge now moves to dismiss Defendants' counterclaims against it.

### III.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "shall be granted when, 'accept[ing] all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Wild Fish Conservancy v. United States Environmental Protection Agency*, 331 F. Supp. 3d 1210, 1217 (W.D. Wash. 2018), quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A court must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.    DISCUSSION

Defendants, through their counterclaims, allege that Orbridge breached the parties' Agreement (1) by demanding a refund of the prepaid fees for the canceled 2021 tours and (2) by "attempting to unilaterally terminate" the parties' Agreement.[2] Dkt. No. 46 at 9-10. Defendants

---

[2]Defendants also allege that Orbridge breached the Agreement "by attempting to not affect the parties' respective rights and obligations thereunder with respect to the programs and tours which had been mutually postponed to 2021." Dkt. No. 46 at 10 ¶ 36. This allegation is incomprehensible and, thus, is disregarded by the Court.

allege that these same actions also constitute a breach of Orbridge's implied duty of good faith and fair dealing. Orbridge moves to dismiss each of the counterclaims, arguing that they fail to state a claim on which relief can be granted because Defendants do not allege, and indeed cannot establish, that Orbridge's alleged wrongful conduct damaged Defendants, a necessary element of their claim.

Orbridge is correct—Defendants' counterclaims fail to state a claim on which relief can be granted. As an initial matter, this Court has already concluded that the parties' Agreement unambiguously gave Orbridge the right to cancel the 2021 tours and further required Safari Legacy to issue Orbridge a full refund for the prepaid fees associated with those tours. *See* Dkt. No. 47 at 6 ("Given that each of the cancelled tours was either scheduled or rescheduled to occur in 2021, the November 2, 2020 email necessarily cancelled the tours more than 60 days before the tours' departure dates. Thus, under the clear—and undisputed—terms of the parties' Agreement, Defendants must refund the full amount of the prepaid booking fees for those tours."). Defendants seem to suggest that because Orbridge originally agreed to reschedule some 2020 tours to 2021, it was barred from later canceling the tours altogether. Defendants' argument is contradicted by the terms of the Agreement's Cancellation Policy, which clearly states that Orbridge may cancel a tour simply if it "wishes" to do so. Dkt. No. 1, Ex. A at 3. Defendants have not introduced evidence to suggest that when Orbridge originally agreed to reschedule the 2020 tours to 2021, it also agreed to waive its right to later cancel the tour if it so wished.[3,4] Thus, Orbridge did not

---

[3]While this is a motion to dismiss and, as such, Defendants are not required to produce evidence to defeat the motion, as stated above, Orbridge moved for summary judgment on the breach of contract claim and Defendants failed to produce such evidence in response to that motion.

[4]As discussed in this Court's order granting partial summary judgment to Orbridge, the Agreement offered Orbridge another escape hatch because it afforded Orbridge the right to cancel "at its discretion" any tour "involving a substantive area(s)" impacted by "a worldwide crisis (similar to the one on 9/11, SARS)." Dkt. No. 1, Ex. A. at 3. It is beyond dispute that the COVID-19 Pandemic

breach the Agreement by demanding a refund for the prepaid fees associated with the canceled tours; to the contrary, it was Safari Legacy who breached the Agreement by failing to refund the fees.

Defendants also claim that Orbridge breached the Agreement when it attempted to unilaterally terminate it by means of the October 21, 2020 email. Per the terms of the Agreement, it "may be terminated at any time by *mutual* written agreement of the parties." Dkt. No. 1, Ex. A at p. 2 (emphasis added). According to Defendants, because Safari Legacy did not agree to the termination, Orbridge's October 21 email constituted a breach of the contract. Defendants are correct that Agreement clearly requires mutual assent to terminate the contract; however, this is not sufficient to establish a breach of contract claim. This is because to prevail on a breach of contract claim under Washington law, "a party must prove that (1) a duty imposed by contract existed, (2) that the duty was breached, and (3) *there are damages proximately caused by the breach*." *Betournay v. 2nd Half, LLC*, 2020 WL 905294, *4 (Wash. App. Feb. 25, 2020) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6 (Wash. App. 1995) (emphasis added). Even assuming the truth of Defendants' allegations as this Court is required to do when resolving a Rule 12(b)(6) motion to dismiss, Defendants cannot establish that they were damaged by Orbridge's attempt to unilaterally terminate the parties' Agreement. This is because having successfully canceled all outstanding tours previously scheduled with Safari Legacy in accordance with the terms of the Agreement, Orbridge is under no further obligation to Defendants because the Agreement does not mandate that Orbridge schedule another tour (*i.e.*, it does not mandate that Orbridge operate a minimum number of tours through Safari Legacy). The

---

has impacted East Africa, thus entitling Orbridge to cancel the tours for a full refund, regardless of the timing of the cancelation.

counterclaims fail to specify what damages Defendants allegedly incurred as a result of Orbridge's alleged breach and Defendants' opposition to the motion to dismiss does not provide further illumination on the issue. Therefore, this Court concludes that Orbridge's attempt to unilaterally cancel the parties' Agreement, successful or not, could not have damaged Defendants because Orbridge owed Defendants no further obligation once it canceled the 2021 tours.

Defendants' claim that Orbridge breached its duty of the implied covenant of good faith and fair dealing fairs no better that its breach of contract claim. Under Washington law, "[t]here is in every contract an implied duty of good faith and fair dealing" that "obligates the parties to cooperate with each other so that each may obtain the full benefit of the performance." *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991). As stated above, Orbridge did comply with the terms of the parties' Agreement when it canceled the 2021 tours and demanded repayment of the prepaid funds, and the Agreement did not require Orbridge to book additional tours through Safari Legacy. In other words, Safari Legacy "obtain[ed] the full benefit of the performance" to which it was entitled under the Agreement. *Id.* (quoting *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 700 P.2d 338 (Wn. App. 1985) (the implied covenant of good faith and fair dealing does not "inject substantive terms into the parties' contract…it requires only that the parties perform in good faith the obligations imposed by their agreement").

Lastly, Defendants request leave to amend their counterclaims if this Court concludes that they fail to state a claim as originally pled. Leave to amend under Federal Rule 15 "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend should be denied where "the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). For the reasons stated above, this Court concludes that no amendment to

the counterclaims could set forth a valid and sufficient claim against Orbridge. Accordingly, Defendants' request for leave to amend the counterclaims is denied.

<strong>V.      CONCLUSION</strong>

For the foregoing reasons, the Court HEREBY GRANTS Orbridge's motion to dismiss Defendants' counterclaims with prejudice.

Dated this 5th day of October 2021.

Barbara        Jacobs        Rothstein
U.S. District Court Judge