The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ORBRIDGE LLC,

    Plaintiff,

v.

SAFARI LEGACY, INC., *et al*.

Civil Action No. 3:20-cv-6259-BJR

ORDER DENYING MOTION TO PIERCE CORPORATE VEIL OF SAFARI LEGACY, INC. AND MOTON FOR PARTIAL SUMMARY JUDGMENT AGAINST PRATIK PATEL

## I. INTRODUCTION

Plaintiff Orbridge LLC ("Orbridge") filed this lawsuit against Defendants Safari Legacy, Inc. and Pratik Patel in December 2020. Dkt. No. 1. Currently before the Court is Orbridge's Motion to Pierce the Corporate Veil of Safari Legacy, Inc. and for Partial Summary Judgment against Pratik Patel. Dkt. No. 59. Defendants oppose the motion. Dkt. No. 61. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

Pratik Patel ("Patel") owns and operates several businesses located in Tanzania, Kenya, Rwanda, South Africa, the United States, Germany, and the United Kingdom. He refers to these entities interchangeably as "Safari Legacy" but claims they are independent of each other. The

businesses provide guide and safari services, transportation, lodging, and other amenities associated with tours in Africa.

Orbridge is a tour operator based on Bainbridge Island, Washington. In August 2012, Orbridge and Safari Legacy entered into a written agreement (the "August 2012 Agreement") under which Safari Legacy agreed to provide services for Orbridge's tours in East Africa.[1] The parties operated pursuant to the August 2012 Agreement until Orbridge filed the instant lawsuit on December 31, 2020, against Patel and Safari Legacy, Inc. ("SL INC"). Dkt. No. 1. Orbridge alleges that Patel and SL INC breached the August 2012 Agreement by failing to return $193,000 in fees that Orbridge prepaid SL INC for tours that were subsequently cancelled. Orbridge also accuses Defendants of attempting to solicit Orbridge's cliental in violation of the Agreement.

Orbridge moved for partial summary judgment against SL INC on the prepaid fees claim before either Defendant filed an answer or other responsive pleading to the complaint. Dkt. No. 16. Three days later, Defendants moved to dismiss the complaint against them, alleging that the Court lacked personal jurisdiction over both Patel and SL INC. Dkt. 20. This Court denied the motion to dismiss on June 9, 2021 and instructed Defendants to file an answer to the complaint, which Defendants did on July 19, 2021. Dkt. Nos. 38 and 46. In the Answer, Defendants asserted for the first time in this litigation that an entity Patel refers to as Safari Legacy, Ltd-Tanzania was the Safari Legacy entity that was the party to the August 2012 Agreement—not SL INC. Dkt. No. 46 at ¶ 8. None of the parties brought this assertion to the Court's attention and on July 30, 2021, this Court granted Orbridge's motion for partial summary judgment against SL INC on the

---

[1] The agreement defines "Safari Legacy" as an entity "with a registered head office in Arusha-Tanzania, branch offices in Nairobi-Kenya and Kigali-Rwanda (**East Africa**), and Johannesburg-South Africa, with marketing offices in USA, Germany and UK." Dkt. No. 1, Ex. 1 at 2 (bold in original).

prepaid fees claim in the amount of $193,000. Dkt. No. 47. Thereafter, Orbridge deposed Patel during which he testified that SL INC is a shell corporation with no assets and that it was formed for insurance purposes only. Patel also testified that Safari Legacy, Ltd.-Tanzania had been liquidated in 2019 and no longer has any assets.

Orbridge now brings the instant motion to pierce SL INC's corporate veil and to hold Patel personally liable for the $193,000 judgment against SL INC as its owner and sole director. Orbridge claims that Patel purposefully allowed Orbridge to continue to pursue a judgment against SL INC—an allegedly assetless, shell corporation—and indeed actively misled Orbridge into thinking SL INC was the Safari Legacy entity that had entered into the August 2012 Agreement,[2] so that if Orbridge was successful, SL INC would not be able to satisfy the judgment. Orbridge claims that it was harmed in the following ways by Patel's actions: (1) Orbridge "wasted its money" pursuing a judgment against SL INC, (2) Orbridge may now be precluded from seeking a judgement against Safari Legacy, Ltd-Tanzania on *res judicata* grounds, and (3) Orbridge "may have been able to file an action in Tanzania prior" to the liquidation of Safari Legacy, Ltd-Tanzania if Patel had been forthright in this litigation from the beginning. Dkt. No. 59 at 8.

### III.   DISCUSSION

The doctrine of disregarding the corporate entity or piercing the corporate veil is an equitable remedy imposed to rectify an abuse of the corporate privilege. 1 W. Fletcher,

---

[2] Defendants admitted that SL INC was a party to the August 2012 Agreement in response to Orbridge's First Set of Requests for Admission to Safari Legacy ("RFA"). The RFA defined "Safari Legacy" as "Safari Legacy, Inc.". Dkt. No. 60, Ex. 2 at Definitions, ¶ 4. The RFA then requested that Defendants "Admit that the Agreement (attached) is a true copy of the contract entered into between Orbridge and Safari Legacy in 2012." Id. at Requests for Admissions, ¶ 7 (emphasis added). Defendants' response to the RFA: "Admit." Dkt. No. 60, Ex. 1 at 3.

Cyclopedia of the Law of Private Corporations, s 41.3 (rev. ed. 1974). The corporation is considered an entity separate and distinct from its officers or stockholders. *Grayson v. Nordic Constr. Co.*, 599 P.2d 1271, 1273 (Wash. 1979). In "exceptional circumstances," however, the corporate entity may be disregarded where its recognition would aid in perpetrating a fraud or result in a manifest injustice. *Harrison v. Puga*, 480 P.2d 247, 254 (Wash. 1971). Under Washington law, a plaintiff seeking to pierce the corporate veil and impose direct shareholder liability must demonstrate that: (1) the corporate form has been intentionally used to violate or to evade a duty; and (2) disregard of the corporate form is necessary to prevent an unjustified loss to the creditor. *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982). "The question whether the corporate form should be disregarded is a question of fact." *Norhawk Invs., Inc. v. Subway Sandwich Shops, Inc.*, 811 P.2d 221, 222 (1991).

This Court concludes that the record before it presents genuine questions of material fact as to whether SL INC's corporate veil should be disregarded, thus rendering summary judgment on this issue inappropriate.[3] For instance, Orbridge alleges that Patel purposefully misled it into believing it had sued the correct Safari Legacy entity, but Patel counters that Orbridge's mistake was a result of Orbridge's decision to seek summary judgment before Defendants filed their answer or other responsive pleadings to the complaint. Orbridge also alleges that Patel controls and is the sole decision-maker for each of the Safari Legacy entities, but Patel testified that he is

---

[3] The standard for summary judgment is familiar: "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact." *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

not "directly involved in the day-to-day running and management of Safari Legacy." Dkt. No. 60, Ex. 5 at 20:11-12; *see also*, Ex. 6 at 129:11-18 (testifying that he has not been involved with the daily operation of Safari Legacy since "2008 onwards" and that the employees "bring problems" to him on "a quarterly basis"). Orbridge also contends that if Patel had been forthright from the beginning of this lawsuit that Safari Legacy, Ltd-Tanzania was the entity that entered into the August 2012 Agreement with Orbridge, Orbridge may have been able file a claim against Safari Legacy, Ltd-Tanzania before the company was liquidated. However, Patel repeatedly testified that Safari Legacy, Ltd-Tanzania was liquidated in 2019 *before* Orbridge instituted this lawsuit on December 31, 2020. *See e.g.*, Dkt. No. 60, Ex. 7 at 206:4-207:23. Thus, the Court finds that there are disputed facts in the record that preclude summary judgment on Orbridge's motion to pierce SL INC's corporate veil and to hold Patel personally liable for SL INC's debt to Orbridge. This issue is reserved for the bench trial scheduled for October 2022 where the Court will weigh the evidence and assess the credibility of the witnesses. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc) (noting that on summary judgment the district judge asks whether there is a genuine issue of material fact, but during a bench trial the same judge "evaluate[s] the persuasiveness of conflicting testimony and decide which is more likely true").

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Orbridge's Motion to Pierce the Corporate Veil of Safari Legacy, Inc. and for Partial Summary Judgment Against Pratik Patel. Dkt. No. 59.

Dated this 7th day of September 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

5